UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| In re: | : | CASE NO.: 14-25556-RAM |
|---|---|---|
| | : | |
| CONTROL AND AUTOMATION CONTRACTORS, LLC | : | CHAPTER 11 |
| Debtor. | : | |
| | / | |

**TRUSTEE'S MOTION FOR ORDER AUTHORIZING A PRIVATE SALE OF PERSONAL PROPERTY FREE AND CLEAR OF ENCUMBRANCES *NUNC PRO TUNC* TO DECEMBER 5, 2014**

COMES NOW, Maria Yip, the duly appointed, qualified, and acting chapter 11 bankruptcy trustee ("***Trustee***") for the bankruptcy estate of Debtor, Control & Automation Contractors, LLC ("***Debtor***"), by and through undersigned counsel, pursuant to 11 U.S.C. §§105(a) and 363(b)(1) and (f), Bankruptcy Rules 2002, 6004, and 6006, and Local Rule 6004-1(A), and moves the Court ("***Motion***") for entry of an order authorizing and approving the private sale ("***Sale***")[1] of personal property described below, free and clear of all liens, claims and encumbrances ("***Encumbrances***") *nunc pro tunc* to December 5, 2014, and granting related relief. In support of the Motion, Trustee Yip respectfully states as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 363(b) and (f).

[1] The Sale has been fully marketed and represents the highest and best offer received by the Trustee.

## Background

2. The Debtor commenced the instant proceedings by filing a Petition for Relief under Chapter 11 of the U.S. Bankruptcy Code on July 8, 2014 (the "***Petition Date***").

3. On October 24, 2014, Maria Yip was appointed to serve as the Chapter 11 Trustee [D.E. 62] (the "***Trustee***") in this case.

4. The Debtor owns certain personal property located at 1950 W. 84th St., Hialeah, Florida 33014, which personal property of the Debtor is described in greater detail in the list attached hereto as Exhibit 1 (collectively, the "***Personal Property***").

5. The Trustee has obtained an offer to purchase the Personal Property from American Testing Materials Engineering LLC (the "***Buyer***"), for the total sum of $15,000.00 (the "***Purchase Price***"). These funds have already been paid to the Trustee. The Trustee notes that this is the same Buyer who has offered the Estate $675,000.00 to purchase the Real Property at 1950 W. 84th St., Hialeah, Florida, and the Trustee's motion to approve that sale is pending before the Court.

6. The Trustee has consulted with Stampler Auctions regarding the Personal Property. Stampler Auctions has inspected and appraised the Personal Property, and provided the Trustee with an estimated liquidation value of the Personal Property if it were sold by way of a public auction sale. The Trustee estimates that the net liquidation value of the Personal Property, when considering the costs of an auction sale, and the uncertainty of the value that can be obtained by way of a public auction sale, would not exceed the Purchase Price tendered by the Buyer.

7. The Trustee, upon approval of the Court, will sell the Personal Property to the Buyer free and clear of all Encumbrances. The terms and conditions of the proposed sale are set

forth below:

a. **Purchase Price and Deposit:** The purchase price for the Personal Property is $15,000.00 ("***Purchase Price***"). Buyer has already tendered these funds to the Trustee.

b. **As Is – Where Is:** The Property will be sold on an "as is" and "where is" basis without any representation or warranty whatsoever.

c. **Encumbrances Against the Property:** The Sale will be free and clear of all Encumbrances.

d. **Closing:** The Sale shall be deemed completed upon the entry of a Court Order approving this sale, with authorization effective *nunc pro tunc* to December 5, 2014.

e. **Additional Terms:** Additionally, as part of this Sale, American Testing Materials Engineering, LLC, will be able to move into the property at 1950 W. 84th St., Hialeah, Florida starting on December 6, 2014. However, the Buyer assumes full responsibility and liability for all personal property which the Buyer moves into (or that is already there at) the 1950 location, and this includes accepting full responsibility for any damage or loss to the property resulting or arising from its use in the property, or from theft, fire, flood or any other casualty, and Buyer will hold the Trustee harmless for any damage or liability related to Buyer's use and occupancy of the 1950 property. Furthermore, as a condition to moving into the 1950 property, the Buyer warrant that American Testing has full general liability insurance to protect the Estate in the event of any damage to the 1950 property as a result of Buyer's use of property inside of the 1950 property. Furthermore, if closing on the sale of the 1950 property does not occur on or before January 15, 2015, then Buyer agrees to pay the Trustee rent for use and occupancy of the 1950 property at a rate of $10,000.00 per month, to be prorated daily (i.e. $328.77 per day), until the closing occurs.

## Applicable Authority

### *Sale of the Property Under 11 U.S.C. §363(b)*

8. Section 363(b)(1) of the Bankruptcy Code provides that the Trustee, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

9. The Court should authorize a sale of the debtor's property pursuant to Section 363

of the Bankruptcy Code if a sound business purpose exists for doing so. See, e.g., Meyers v. Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996) (citing Fulton State Bank v. Schipper (In re Schipper), 933 F.2d 513, 515 (7th Cir. 1991)); In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d Cir. 1986); Stephens Indus., Inc. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986); In re Lionel Corp., 722 F.2d 1063 (2d Cir. 1983).

10. For the reasons set forth herein, Trustee Yip submits that approving the Sale will promote the timely sale of the Personal Property in order to realize the highest value for the Property for the benefit of the Debtor's Estate and its creditors. Trustee Yip will provide proper notice of this Motion and all related motions, notices, hearings and orders to all creditors and interested parties as required by the Bankruptcy Code, Bankruptcy Rules and Local Rules of this Court, or as otherwise directed by order of this Court. Accordingly, the sale of the Property satisfies all of the requisite conditions for approval under Section 363(b) of the Bankruptcy Code.

***The Sale Meets the Requirements of 11 U.S.C. §363(f)***

11. Section 363(f) of the Bankruptcy Code sets forth the conditions under which a sale of debtor's property outside the ordinary course of business can be made free and clear of all liens, claims and other encumbrances (the "***Encumbrances***").

12. This Court has the authority to approve the Sale pursuant to §363(f)(2), (4) and (5) because all Encumbrances will either be paid at Closing; parties holding an interest have consented to the Sale and the attachment of their interests to the proceeds of the Sale; or parties could be compelled to accept a money satisfaction of such interest. The Encumbrances may be summarized as follows:

a. Florida Department of Revenue Warrants recorded in the Public Records of Miami-Dade County, Florida, as follows: Book 28680, Page 4229; Book

28968, Page 3764; Book 28985, Page 3016; Book 28985, Page 3017; Book 29009, Page 4875; Book 29087, Page 3544 (the "***DOR Liens***"). Pursuant to Claim #4-1, which was filed in this case on behalf of the Florida Department of Revenue, the amount of the secured claim attributable to the DOR Liens is $58,969.32.

b. Federal Tax Liens recorded in the Public Records of Miami-Dade County, Florida, as follows: Book 28904, Page 1874; Book 28634, Page 2149; Book 28756, Page 3427; Book 28978, Page 3733 (the "***IRS Liens***"). Pursuant to Claim #1-1, which was filed in this case on behalf of the Internal Revenue Service, the amount of the secured claim attributable to the IRS Liens is $482,946.83.

c. Judgment in favor of Industrial Motion Control LLC, in the amount of $17,386.57 recorded in the Public Records of Miami-Dade County, Florida at Book 29207, Page 2514 (the "***IMC Judgment***"), which was recorded on June 26, 2014 (only 12 days pre-petition). The Trustee notes that Industrial Motion Control LLC was listed on Schedule F, care of the attorneys who were listed on the IMC Judgment as counsel for IMC, however no proof of claim was filed in this case on behalf of IMC. The deadline for filing claims in this case passed on November 6, 2014.

13. The attachment of all Encumbrances to the proceeds of the Sale is appropriate pending this Court's determination as to the validity, priority and extent of the Encumbrances. Pending that determination, the interests are adequately protected by a replacement lien on the proceeds from the Sale of the Personal Property. Thus, the Court should approve the Sale under Section 363(f) of the Bankruptcy Code.

14. Based on the fact that a certified copy of the IMC Judgment was recorded on June 26, 2014 (only twelve (12) days pre-petition), the Trustee disputes the validity, priority and extent of the IMC Judgment's interest in the Personal Property. The Trustee, in due course, would intend to file an adversary proceeding seeking to avoid and recover the security interest obtained by IMC by operation of the judgment lien statute as an avoidable preference. Accordingly, the IMC Judgment's interest in the Personal Property is in bona fide dispute pursuant to §363(f)(4). Additionally, since IMC did not file a proof of claim in this proceeding, IMC has effectively consented to the Trustee pursuant to §363(f)(2).

15. With respect to the IRS Liens, the Trustee is in the process of reviewing the Proof of Claim filed by the IRS (Claim #1-1). Claim #1-1 is filed as being secured in the amount of $482,946.83. Of this amount, Claim #1-1 reflects this as being attributable to $107,750.93 in taxes due; $313,111.84 in penalties through the petition date; and $62,084.06 in interest through the petition date. The Trustee disputes the amount of the IRS Liens, especially as the secured portion Claim #1-1 is attributable primarily to penalties and interest (only 22% of the secured portion Claim #1-1 is attributable to taxes due). Accordingly, the IRS Liens on the Personal Property are in bona fide dispute pursuant to §363(f)(4).

16. With respect to the DOR Liens, the Trustee is in the process of reviewing the Proof of Claim filed by the Florida Department of Revenue (Claim #4-1). Claim #4-1 is filed as being secured in the amount of $58,969.32. Of this amount, Claim #4-1 reflects this as being attributable to $8,729.92 in estimated taxes due (which amount the Trustee disputes); $5,258.00 in administration fees; $5,415.12 in penalties through the petition date; and $3,649.43 in interest through the petition date. The Trustee disputes the amount of the DOR Liens, especially as a substantial portion of the secured portion Claim #4-1 is attributable to estimated taxes, administrative fees, penalties and interest. Accordingly, the DOR Liens on the Personal Property are in bona fide dispute pursuant to §363(f)(4).

17. This Court also has the authority to approve the Sale pursuant to §363(f)(2) with respect to the IRS Liens and the DOR Liens because the IRS and DOR have effectively consented to this Sale. The IRS's actions and the DOR's actions, or lack thereof, throughout this bankruptcy case evidence their consent to the sale of the Personal Property. In the nearly five (5) months this case has been pending, the IRS and DOR have not moved for stay relief to enforce their liens against the Personal Property. Finally, the proposed Sale benefits the IRS and the

DOR because if the Trustee were to abandon the Personal Property, the Personal Property would likely be abandoned, with no funds going to either secured creditor.

18. In addition, the interests of the holders of the DOR Liens, the IRS Liens, and the IMC Judgment will also attach to the proceeds from the Sale of the Personal Property in the same order of priority that they attached to the Personal Property. Accordingly, because the liens are adequately protected by a replacement lien on the proceeds from the Sale of the Personal Property, the Court should approve the sale under Section 363(f) of the Bankruptcy Code. Furthermore, approval of the Sale free and clear of the DOR Liens, the IRS Liens, and the IMC Judgment is appropriate under §363(f)(2) and (4). This Court has the authority to approve the Sale pursuant to §363(f)(2), (4) and (5) because all Encumbrances will either be paid at Closing; parties holding an interest have consented to the Sale and the attachment of their interests to the proceeds of the Sale; or parties could be compelled to accept a money satisfaction of such interest.

***Execution of Documents***

19. The Trustee requests the Court to authorize her to execute any and all documents necessary to affect the Sale of the Personal Property.

***Waiver of Stay***

20. The Trustee requests the Court to waive the fourteen (14) day stay applicable to orders approving the Sale of the Personal Property pursuant to the provisions of Rule 6004(h), Fed. R. Bankr. P., and authorize the Trustee to proceed with the Sale of the Personal Property immediately upon the Court's entry of an order approving the Sale to Buyer.

***Reservation of Rights***

21. The Trustee reserves the right, by future motion or pleading, to seek a surcharge

of any secured claim pursuant to 11 U.S.C. §506(c).

WHEREFORE, the Trustee respectfully requests that the Court enter an Order (a) granting this Motion in all respects; (b) authorizing the Trustee to sell the Personal Property, pursuant to §363 of the Bankruptcy Code and the procedures set forth in this Motion, free and clear of all Encumbrances, with such Encumbrances, if any and to the extent permitted, to attach to the proceeds of the Sale; (c) approving the form and manner of notice of the Motion, and hearing and order thereon, and any other motions, notices and hearings related to the Sale; and (e) granting such further relief as the Court deems just and proper.

Dated and Respectfully Submitted on this 20 day of December, 2014.

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, Florida 33155
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail rangueir@bellsouth.net

By ______________________
ROBERT A. ANGUEIRA
Florida Bar No. 0833241

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this 20 day of December, 2014, to all parties on the enclosed mailing matrix, and to the following additional parties:

**Miami-Dade County Tax Collector**
Attn: Melinda S. Thornton, Esq.
111 NW 1st St. #2810
Miami, FL 33128

**Miami-Dade County**
**Lien Collection Unit**
111 NW 1st St. #1470
Miami, FL 33128

**Internal Revenue Service**
Centralized Insolvency Operations
POB 7346
Philadelphia, PA 19101-7346

**U.S. Attorney**
Attn.: Civil Process Clerk
99 NE 4th Street
Miami, FL 33132

**Internal Revenue Service**
Attn: Hon. Wilfredo A. Ferrer
U.S. Attorney
99 N.E. 4th Street
Miami, FL 33132

**Internal Revenue Service**
c/o Special Assistant U.S. Attorney
c/o IRS Counsel (SBSE)
51 SW 1st Ave., P.O. Box 9
Miami, FL 33130

**Internal Revenue Service**
c/o Eric H. Holder, Jr.
Attorney General of U.S.
950 Pennsylvania Ave. NW
Washington, DC 20530-0001

**Internal Revenue Service**
Attn.: Commissioner of I.R.S.
1111 Constitution Ave. N.W.
Washington, DC 20224-0002

**Florida Department of Revenue**
c/o Frederick F. Rudzik, Esq.
Bankruptcy Section
POB 6668
Tallahassee, FL 32314-6668

**Florida Department of Revenue**
c/o Marshall Stranburg, Executive Director
5050 West Tennessee Street
Tallahassee, FL 32399-0100

**Industrial Motion Control LLC**
c/o President and/or CEO
1444 S. Wolf Rd.
Wheeling, IL 60090

**Industrial Motion Control LLC**
c/o Rosenfeld Stein & Batta, P.A.
21490 W. Dixie Hwy.
Aventura, FL 33180

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of Electronic Filing on this 20 day of December, 2014, to:

- Robert A Angueira rangueir@bellsouth.net, susan@rabankruptcy.com
- Jonathan Y Markhoff bknotice@markhoffpa.com, yoni@markhoffpa.com

- Adrian Nunez anunez@astidavis.com, ngonzalez@astidavis.com
- Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov
- Steven D Schneiderman Steven.D.Schneiderman@usdoj.gov
- Peter D Spindel peterspindel@gmail.com, peterspindelcmecf@gmail.com
- Maria Yip trustee@yipcpa.com, myip@ecf.epiqsystems.com

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, Florida 33155
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail rangueir@bellsouth.net

By ______________________
ROBERT A. ANGUEIRA
Florida Bar No. 0833241







AA Electric
2011 South Combee Road
Lakeland, FL 33801-6855

AA Electric
c/o Golden Emmens Trammel
10323 Cross Creek Blvd "F"
Tampa, FL 33647-2988

AA Electric SE Inc.
One Madison St
E Rutherford, NJ 07073-1695

Abbott Vascular
3885 Bohannon Drive
Menlo Park, CA 94025-1001

Alfonso Elijaiek
1115 NW 126 Court
Miami, FL 33182-2033

Altie Elkaiek
1115 NW 126 Court
Miami, FL 33182-2033

B Braun Medical Inc
842 12 Ave
Bethlehem, PA 18018

Cencore
22465 Tiki Drive
Boca Raton, FL 33428-4798

Cencore
c/o Johnson Morgan White
6800 Broken Sound Parkway
Suite 201
Boca Raton, FL 33487-5709

Comcast
2151 West 62 Ave
Hialeah, FL 33016-2624

Ferdinand Martinez
16145 NW 64 Ave
Apt 325
Hialeah, FL 33014-7517

Ferdinand Martinez
16145 NW 64th Ave. #325
Miami Lakes FL 33014-7517

Florida Department Revenue
5050 West Tennessee St
Tallahassee, FL 32399-0100

Florida Power Light
General Mail Facility
Miami, FL 33188-0001

Fresh Start Tax
Steve Jacobs
3696 North Federal Highway
Suite 301
Ft Lauderdale, FL 33308-6263

Green Tax Funding
PO Box 645040
Cincinnati, OH 45264-0303

Industrial Motion Control, LLC
1444 South Wolf Road
Wheeling, IL 60090-6514

Industrial Motion Control, LLC
c/o Rosenfeld Stgein Batta
21490 West Dixie Highway
Miami, FL 33180-1144

Internal Revenue Service
7850 SW 6 Court
Fort Lauderdale, FL 33324-3210

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Juan Carlos Forero
19080 NW 86 Court
Hialeah, FL 33015-5378

Miami Dade Tax Collector
140 West Flagler St
Miami, FL 33130-1575



Pablo Alonso
20134 W 53 Place
Hialeah, FL 33016

Pablo Armando Alonso
2034 W 53 PL
Hialeah, Fl 33016-2018

Pax Investments LLC
5750 Sunset Dr
Miami, FL 33143-5332

State of Florida - Department of Revenue
Post Office Box 6668
Tallahassee, FL 32314-6668

TLGFY LLC
PO Box 54347
New Orleans, LA 70154-4347

US Attorney
950 Pennsylvania Ave
NW Washington, DC 20530-0009

US Attorney Ferrer
99 NE 4 St
Miami, FL 33132-2131

US Bank as Cust for Tower
C/O GREEN TAX FUNDING 4
PO Box 645040
Cincinnati Ohio 45264-5040

William Reyes
12242 SW 16 Terrace
Apt L105
Miami, FL 33175-1596

William Reyes
19080 NW 86th Ct
Hialeah FL 33015-5378





















| CONTROL AND AUTOMATION CONTRACTORS, LLC - CASE No. 14-25556-BKC-RAM | | | |
|---|---|---|---|
| APPRAISED ON OCTOBER 31, 2014 BY HARRY STAMPLER FROM PHOTOGRAPHS SUPPLIED | | | |
| ITEM | QTY | DESCRIPTION | Liquidation Value |
| WAREHOUSE | | | 13,955.00 |
| 1 | 1 | STORAGE CABINET WITH 2 DOORS | 10.00 |
| 2 | 1 | SMALL ROLLING LIFT | 50.00 |
| 3 | 1 | PALLET JACK | 100.00 |
| 4 | 2 | PALLETS OF ASSORTED ELECTRONICS | 25.00 |
| 5 | 5 | ASSORTED FILE CABINETS | 25.00 |
| 6 | 1 | LOT USED / SALVAGED CONTROLS & ELECTRONICS | 300.00 |
| 7 | 1 | CRAFTSMAN 1.5HP UPRIGHT AIR COMPRESSOR | 50.00 |
| 8 | 1 | METRO RACK | 10.00 |
| 9 | 1 | LOT ASSORTED TOOL BOXES | 25.00 |
| 10 | 1 | SMALL METRO RACK | 10.00 |
| 11 | 8 | CARRYING CASES | 80.00 |
| 12 | 4 | CONTROL BOXES | 20.00 |
| 13 | 1 | AIR TANK | 25.00 |
| 14 | 2 | METRO RACKS | 20.00 |
| 15 | 1 | LOT CONTENTS OF 2 RACKS | 100.00 |
| 16 | 1 | SECURITY CAGE | 50.00 |
| 17 | 1 | LOT CONTENTS OF SECURITY CAGE | 50.00 |
| 18 | 1 | MULTI-BIN RACK WITH CONTENTS - RING TERMINALS, FERRULES, VALVES, ELBOWS, TEES, MORE | 500.00 |
| 19 | 1 | SAFETY CABINET WITH 2 DOORS | 100.00 |
| 20 | 1 | JET GH1340A GEARED HEAD ENGINE LATHE WITH MITUTOYO CONTROL PANEL - STOCK No. 321350 | 3,000.00 |
| 21 | 3 | TOOL CABINETS WITH CONTENTS | 150.00 |
| 22 | 1 | DAKE PARMA WORK-A-MATIC BAND SAW | 300.00 |
| 23 | 1 | JET COMBO BELT SANDER / DISC GRINDER | 150.00 |
| 24 | 1 | STORAGE CABINET WITH CLEANING TOOLS | 25.00 |
| 25 | 1 | CABINET WITH DRILL BITS & ACCESSORIES | 250.00 |
| 26 | 2 | RIGID CORDLESS DRILLS | 100.00 |
| 27 | 1 | CABINET WITH 5 DOORS | 10.00 |
| 28 | 1 | CABINET WITH TESTING EQUIPMENT, GAGES, ETC. | 200.00 |
| 29 | 1 | LOT TOOLS | 100.00 |
| 30 | 1 | CABINET WITH COLLETS, BITS & ACCESSORIES | 300.00 |
| 31 | 4 | WORK LIGHTS | 20.00 |
| 32 | 1 | JET JTM-4VS VERTICAL MILLING MACHINE WITH MITUTUYO CONTROL PANEL - STOCK No. 690182 / SERIAL No. 9121635 | 2,500.00 |
| 33 | 1 | HANKINSON AIR DRYER / FILTER | 50.00 |
| 34 | 1 | LOT SAFETY GEAR | 50.00 |
| 35 | 1 | CRAFTSMAN TOOL BOX | 50.00 |
| 36 | 1 | METRO RACK WITH CONTENTS | 50.00 |
| 37 | 1 | WORK SURFACE | 25.00 |

Blumberg No. 5118 EXHIBIT 1

## CONTROL AND AUTOMATION CONTRACTORS, LLC - CASE No. 14-25556-BKC-RAM

APPRAISED ON OCTOBER 31, 2014 BY HARRY STAMPLER FROM PHOTOGRAPHS SUPPLIED

| ITEM | QTY | DESCRIPTION | Liquidation Value |
|---|---|---|---|
| 38 | 1 | INSPECTION TABLE WITH CONTENTS | 50.00 |
| 39 | 1 | LOT ASSORTED TOOLING, VISES, ETC. | 100.00 |
| 40 | 1 | MACHINE VISE | 50.00 |
| 41 | 1 | TABLE WITH GRINDER & VISE | 50.00 |
| 42 | 1 | COMPUTER TABLE WITH 2 MONITORS & KEYBOARD | 100.00 |
| 43 | 1 | CRAFTSMAN TOOL CABINET | 50.00 |
| 44 | 1 | LOT WIRE & WIRE RACK - APPROXIMATELY 40 ROLLS | 300.00 |
| 45 | 1 | RACK WITH TOOLS & ACCESSORIES | 50.00 |
| 46 | 1 | LOT TOOLS | 50.00 |
| 47 | 2 | WORK SURFACES | 50.00 |
| 48 | 1 | CHOP SAW | 50.00 |
| 49 | 1 | LOT TOOLS, ETC. | 50.00 |
| 50 | 2 | WORK SURFACES | 50.00 |
| 51 | 1 | PALLET CABLE & WIRE | 25.00 |
| [redacted] | | | |
| 54 | 2 | LADDERS | 50.00 |
| 55 | 1 | MITSUBISHI 30 FORKLIFT - LPG / 3 STAGE / 3,000LB CAPACITY | 3,000.00 |
| 56 | 1 | JET 10" TILTING ARBOR TABLE SAW | 200.00 |
| 57 | 1 | LABCONCO PROTECTOR LABORATORY HOOD | 25.00 |
| 58 | 4 | SECTIONS PALLET RACKING | 300.00 |
| 59 | 1 | LOT CONTENTS OF PALLET RACKING | 100.00 |
| 60 | 1 | TRADE SHOW DISPLAY | 100.00 |
| 61 | 1 | REFRIGERATOR / FREEZER | 25.00 |
| 62 | 1 | GREENLEE 7506 HYDRAULIC KNOCKOUT SET | 100.00 |
| 63 | 1 | GREENLEE 746 HYDRAULICK KNOCKOUT PUNCH DIE | 100.00 |
| | | | |
| OFFICES | | | 2,345.00 |
| 64 | 1 | LOT RECEPTION AREA WITH TABLE & 2 CHAIRS | 25.00 |
| 65 | 1 | CONTENTS OF OFFICE - DESK, CHAIR, FILE CABINETS, LATERAL FILE CABINETS, ETC. | 50.00 |
| 66 | 1 | COMPUTER | 25.00 |
| 67 | 1 | CONFERENCE TABLE WITH CHAIRS | 100.00 |
| 68 | 1 | LARGE WHITE BOARD | 10.00 |
| 69 | 1 | COMPUTER | 25.00 |
| 70 | 1 | SAMSUNG 50" FLAT PANEL TELEVISION | 100.00 |
| 71 | 1 | CONTENTS OF OFFICE - DESK, CHAIR, FILE CABINET, ETC. | 50.00 |
| 72 | 1 | SAMSUNG 27" TELEVISION / MONITOR | 25.00 |
| 73 | 1 | EXECUTIVE OFFICE SUITE | 100.00 |
| 74 | 1 | COMPUTER | 25.00 |
| 75 | 1 | EXECUTIVE CHAIR | 25.00 |

| CONTROL AND AUTOMATION CONTRACTORS, LLC - CASE No. 14-25556-BKC-RAM | | | |
|---|---|---|---|
| APPRAISED ON OCTOBER 31, 2014 BY HARRY STAMPLER FROM PHOTOGRAPHS SUPPLIED | | | |
| | | | |
| ITEM | QTY | DESCRIPTION | Liquidation Value |
| 76 | 1 | PORTABLE AIR CONDITIONING UNIT | 25.00 |
| 77 | 1 | FLAT SCREEN MONITOR | 10.00 |
| 78 | 1 | NEC DSX TELEPHONE SYSTEM | 250.00 |
| 79 | 1 | SERVER RACK WITH COMPUTER, ROUTER, ETC. | 100.00 |
| 80 | 1 | FILE CABINET | 10.00 |
| 81 | 1 | LARGE WHITE BOARD | 5.00 |
| 82 | 1 | EXECUTIVE CHAIR | 25.00 |
| 83 | 1 | LOT MODULAR OFFICES - 6 STATIONS | 300.00 |
| 84 | 2 | HP DESIGNJET Z2100 PHOTO PRINTER / PLOTTER | 750.00 |
| 85 | 1 | PRINTER | 25.00 |
| 86 | 1 | SHREDDER | 10.00 |
| 87 | 1 | HP OFFICEJET PRINTER | 25.00 |
| 88 | 1 | LOT ELECTRONICS, COMPUTERS, ETC. | 250.00 |
| | | | |
| UPSTAIRS | | | 375.00 |
| 89 | 1 | LOT EXECUTIVE OFFICE | 100.00 |
| 90 | 1 | WALL UNIT | 25.00 |
| 91 | 1 | GLASS TABLE - BROKEN | 0.00 |
| 92 | 1 | LATERAL FILE CABINET WITH 5 DRAWERS | 25.00 |
| 93 | 1 | WASHER & DRYER | 100.00 |
| 94 | 1 | UPRIGHT FREEZER | 25.00 |
| 95 | 1 | REFRIGERATOR / FREEZER | 50.00 |
| 96 | 1 | VIZIO 20" TELEVISION / MONITOR | 25.00 |
| 97 | 1 | LOT ASSORTED FILE CABINETS | 25.00 |
| | | | |
| UPSTAIRS | | | 6,000.00 |
| 98 | 1 | TRITON 60KW TRAILER MOUNTED DIESEL GENERATOR | 6,000.00 |
| | | | |
| | | TOTAL LIQUIDATION VALUE | 22,675.00 |